KEVIN V. RYAN (CSBN 118321)
United States Attorney

ROSS W. NADEL (CSBN 87940)
Chief, Criminal Division

KIRSTIN M. AULT (CSBN 206052)
Assistant United States Attorneys

    450 Golden Gate Ave.
    San Francisco, California  94102
    Telephone:  (415) 436-6960
    Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 05-0335 CW |
| Plaintiff, | ORDER FOR DETENTION PENDING TRIAL |
| v. | |
| LESLIE CARL GRAHAM, JR., | |
| Defendant. | |

On July 21, 2005, the defendant made his initial appearance before this Court and was arraigned on a one-count indictment charging him with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).  The defendant was represented at that hearing by Assistant Federal Public Defender David Fermino.  At that time, the government moved for a detention hearing on the grounds that under 18 U.S.C. § 3142(f)(2)(A) the defendant posed a serious risk of flight.  A detention hearing was set for July 27, 2005 before the Honorable Wayne D. Brazil.  Because of the unavailability of Judge Brazil, the hearing was continued to July 28, 2005 before the Honorable Edward M. Chen.

On July 28, 2005, the defendant appeared and was represented by Assistant Federal Public Defender Shawn Halbert. Assistant United States Attorney Kirstin M. Ault appeared for the government. Both parties proceeded by proffer. Prior to the hearing the Court had reviewed the report of Pretrial Services. Both sides were afforded an opportunity prior to the hearing to review the bail report of Pretrial Services. The government recommended detention on the grounds of both danger to the community and flight risk under 18 U.S.C. § 3142(e). Pretrial Services also recommended detention on the ground of danger to the community. The defendant opposed detention.

The Court finds that there is no clear record of the defendant's failure to appear for court appearances in prior proceedings. The Court further finds that although the defendant does not have a stable residence or employment, his family resides in the area and provides ties to the community. The Court, therefore, finds that while the defendant poses some risk of non-appearance, conditions could be fashioned that would assure his appearance at court proceedings.

However, according to the government's proffer and the Pretrial Services report, the defendant has been convicted of seven felony and two misdemeanor offenses. For the past several years, the defendant has been convicted of one offense nearly every year. The convictions are for serious offenses, including carrying a loaded firearm in a public place with a prior, possession of a firearm, drug trafficking, battery and burglary. Significantly, his two convictions for illegally possessing firearms is the same crime with which he is charged in this case. In addition, the defendant has twice been terminated from probation without successful completion because he apparently committed new crimes while under supervision. Mr. Graham has been shot several times. While the defendant's successful completion of his last parole term is a positive sign, it does not provide the Court with sufficient assurance that the defendant's past behavior will change if he is released from custody pending resolution of the charges in this matter.

1   The Court acknowledges Mr. Graham's wife and sister attended the detention hearing
2  and offered to serve as sureties and that he has helped raise his children when out of custody.
3  However, there is insufficient evidence that under the proposed conditions, Mr. Graham is likely
4  to change his behavior of non-compliance with law.  Although he has lived largely in Antioch
5  with his wife while out of custody in recent years, he has continued to incur arrests and
6  convictions in Richmond.
7   Therefore, the Court finds by clear and convincing evidence that the defendant poses a
8  danger to the community of continuing to engage in criminal conduct if he were released from
9  custody pending trial in this case.  The Court further finds that currently no available conditions
10 of release which could be fashioned that would mitigate this danger.
11   This ruling is without prejudice to the defendant seeking bail review should new
12 conditions warrant, new conditions which would give the Court a reasonable level of confidence
13 that Mr. Graham will not commit any violation of law while on release.
14   Accordingly, the Court hereby ORDERS:
15   (1) that pursuant to 18 U.S.C. § 3142(e) defendant Leslie Carl Graham, Jr. be
16 DETAINED pending trial;
17   (2) that defendant Leslie Carl Graham, Jr. be committed to the custody of the Attorney
18 General for confinement in a corrections facility separate, to the extent practicable, from persons
19 awaiting or serving sentences or being held in custody pending appeal;
20   (3) that defendant Leslie Carl Graham, Jr. be afforded reasonable opportunity for private
21 consultation with counsel; and
22 ///
23 ///
24 ///
25 ///
26 ///

DETENTION ORDER
CR 05-0335 CW                                              3

1     (4) that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant Leslie Carl Graham, Jr. is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

    IT IS SO ORDERED

Dated: August 5, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge